UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOENIG DEVELOPMENTS, INC.,
ET AL.,

       Plaintiffs,                           No. 13-15138

v.                                      District Judge Denise Page Hood
                                         Magistrate Judge R. Steven Whalen

DIAL INDUSTRIES, INC.,

       Defendant.
                                 /

**ORDER**

Before the Court is Plaintiffs' Discovery Motion [Doc. #27] and Defendant's Motion to Compel Discovery [Doc. #26]. For the reasons discussed below, Plaintiffs' Motion [Doc. #27] is GRANTED IN PART AND DENIED IN PART and Defendant's Motion [Doc. #26] is GRANTED.

Plaintiffs' Motion requests the following relief: (1) an order compelling Defendant's responses to its Requests for Production ("RFP"); (2) an order compelling Defendant's executives John Macho and Jan Macho ("the Machos") to appear for depositions before the Plaintiffs are deposed; and (3) an order requiring the Machos to be deposed in the Eastern District of Michigan.

Defendant's Motion seeks the deposition of Peter Hoenig and Shanna Hoenig.

There is no issue as to the relevance and discoverability of Plaintiff's document requests, which are reproduced at Appendix A to their motion.  The question is whether the Defendant will physically produce what it states are voluminous records contained in "approximately 68 file cabinet drawers and approximately 175 document boxes" at its

-1-

facilities in California, or whether Plaintiffs' counsel will travel to California to inspect the documents. At page 4 of its motion, Plaintiff states that he "offered to travel to inspect [Defendant's] actual file rooms," but that Defendant declined to provide that opportunity in July.

The motion to compel production of documents is GRANTED. Given the volume, however, rather than requiring the Defendant to copy every document at this time, the Defendant will make the documents available for Plaintiff and Plaintiffs' counsel's inspection at its facility in California. This production is subject to Fed.R.Civ.P. 34(b)(2)(E), which provides in part that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" It is unclear whether these multiple file cabinets and boxes contain both responsive documents (the wheat) and documents that are not relevant to this case (the chaff). If so, Defendant must separate the wheat from the chaff. "Rule 34(b)'s requirement that the discovered party organize the produced materials in a way that the discovering party can understand them was done to curb discovery abuses where 'parties deliberately [ ] mix[ed] critical documents with others in the hope of obscuring [their] significance.'" *Beckwith v. Robert Bosch Fuel Systems Corp.*, 2005 WL 2571850, *2 (W.D.Mich. 2005)(quoting Fed. R. Civ. P. 34 Advisory Committee Notes to the 1980 Amendment). Plaintiffs shall be entitled to copies of any of the documents on request.

In addition, if the requested documents are stored electronically in the usual course of business, Defendant shall, in addition to permitting inspection, produce those documents to Plaintiffs in electronic form. Fed.R.Civ.P. 34(b)(2)(E).

As to the depositions of the Machos, the Plaintiffs' motion is DENIED to the extent that the Machos be deposed before they are deposed. There is no requirement that

defendants or their witnesses be deposed before plaintiffs. Unless the Court orders otherwise, "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(2). The Defendant is of course entitled to depose the Plaintiffs as to issues relevant to this lawsuit, and the Court sees no reason to delay that deposition, particularly since the Plaintiffs presumably need to review voluminous documents before deposing the Machos. Peter Hoenig and Shanna Hoenig will be deposed within 45 days of the date of this Order. Plaintiffs may depose the Machos after Peter Hoenig and Shanna Hoenig are deposed.

In general, absent unusual circumstances, depositions of corporate officers or representatives should take place at the corporation's residence or place of business. *See Powerhouse Licensing, LLC v. Checkfree Servs. Corp.*, 2013 WL 5874814, *2 (E.D. Mich. 2013); *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). Where a corporate defendant is headquartered in a different state, a plaintiff will always incur expense in conducting depositions. That is not an unusual circumstance. There is no reason to depart from the general rule. The Machos' depositions will take place in California. In this regard, the Plaintiffs' motion is DENIED and the Defendant's motion is GRANTED.

IT IS SO ORDERED.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  August 14, 2015

<u>Certificate of Service</u>

I certify that a copy of this document was served upon parties of record on August 14, 2015 via electronic or postal mail.

<u>/s/C. Ciesla</u>
CASE MANAGER